**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case Action No. 14-CV-1068-WYD-NYW

LISA MITCHELL,
J.R.M., by and through her next friend William Montez,
SU. M., by and through his next friend Richard Murray,
SA. M., by and through his next friend Michael LaJoie, and
T.L., by and through his next friend Lorraine Ortega,

    Plaintiffs,

v.

CINDY HOWARD,
SHERRI BACA, and
EL PUEBLO BOYS AND GIRLS RANCH, INC.,

    Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

    This civil action is before the court on the following Motions filed by Plaintiff Lisa Mitchell:

1. Motion for Accommodations for Learning Disability ("Motion for Relief") [#89, filed August 26, 2015];

2. Motion and Declaration of Indigent Pro Se seeking free access to the Public Access to Court Electronic Records ("PACER") ("Motion for Access") [#96, filed August 28, 2015]; and

3. Motion to Bifurcate ("Plaintiff Mitchell's Motion to Bifurcate") [#97, filed August 28, 2015].

Also before the court is Plaintiffs J.R.M., Su. M., and T.L.'s Motion to Bifurcate ("Represented Plaintiffs' Motion to Bifurcate") [#93, filed August 27, 2015]. These matters were referred to the undersigned Magistrate Judge pursuant to the Order Referring Case dated April 16, 2014 [#4], the Order of Reassignment dated February 10, 2015 [#52], and the memoranda dated August 27, 2015 [#92], August 28, 2015 [#94], and August 31, 2015 [#98]. Finally, before the court *sua sponte* is Plaintiff Samuel Mitchell's Letter and Plaintiff Lisa Mitchell's Notice of Entry of Appearance. [#90 and #91, filed August 26, 2015].

## BACKGROUND

Plaintiffs Lisa Mitchell and her son, Samuel Mitchell,[1] initiated this action on April 14, 2014, through their attorney Alison Ruttenberg, by filing a Complaint pursuant to 42 U.S.C. § 1983 asserting violations of the First and Fourteenth Amendments and a state law claim for negligence against Cindy Howard, Judy Griego, Sherrie Baca, Carrie Archuletta, Scott Epstein, "El Pueblo, an Adolescent Treatment Community," and various John Does. [#1]. Ms. Mitchell and Samuel, through Ms. Ruttenberg, filed an Amended Complaint on July 14, 2014 adding Plaintiffs T.L., by and through his next friend Lorraine Ortega, J.R.M., by and through her next friend William Montez, and Su. M., by and through his next friend Susan Murray, and naming as Defendants Ms. Baca, Ms. Howard, El Pueblo Boys and Girls Ranch, Inc. ("El Pueblo Ranch"), and John and Jane Does. [#14]. The Amended Complaint asserts one claim for relief pursuant to § 1983 for violation of Plaintiffs' First, Fourth, Eighth, and Fourteenth Amendment rights as to Defendants Howard, Baca, and the John and Jane Does, and a second claim for relief for negligence as to El Pueblo Ranch. [*Id.*] The client-attorney relationship between Ms. Mitchell,

---

[1] Samuel had not yet reached the age of majority at the time the Complaint was filed and was identified as "S.M." and then later as "Sa. M.." Samuel reached his eighteenth birthday on June 16, 2015, and is therefore identified hereafter by his full name. [#67 at 3, ¶ 4].

2

Samuel, and Ms. Ruttenberg thereafter deteriorated irreparably, and this court granted Ms. Ruttenberg's Motion to Withdraw as Counsel on August 21, 2015. *See* [#62, #75, and #83]. Ms. Ruttenberg continues to represent T.L., J.R.M., and Su. M.

## ANALYSIS

### I. Motion for Relief

In the Motion for Relief, Ms. Mitchell asks the court for accommodations for her "learning disability and PTSD-based challenges." [#89 at 1]. She states that "[w]ritten communication and extended time are two accommodations that are very helpful," and asks that the court appoint a specific person, Debbie Carroll, to assist her with her "learning needs, psycho-social interactions, and especially verbal communications." [*Id.*] As a *pro se* litigant, Ms. Mitchell is entitled to have the court liberally construe her pleadings and other papers. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Where appropriate, Ms. Mitchell may ask the court for an extension of time, and when possible this court will endeavor to issue its rulings in writing. However, Ms. Mitchell must follow the same rules of procedure that govern other litigants, *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007), including the Federal Rules of Civil Procedure and the Local Rules of the United States District for the District of Colorado; and Ms. Mitchell is expected to comply with an order of the court, regardless of whether it is issued orally or in writing.[2] In addition, it does not appear appropriate to "appoint" Ms. Carroll to assist Ms. Mitchell in this case. Ms. Carroll

---

[2] This court notes that Ms. Mitchell has failed on multiple occasions to include the certificate of conferral required by D.C.COLO.LCivR 7.1(a). This Rule requires the moving party, before filing a motion, to "confer or make reasonable good faith efforts to confer with any opposing counsel or unrepresented party to resolve any disputed matter. The moving party shall describe in the motion, or in a certificate attached to the motion, the specific efforts to fulfill this duty." This court interprets Rule 7.1(a) to require a telephone conferral where possible, and to attempt to confer *prior* to the day on which the motion is filed. Ms. Mitchell is advised that failure to comply with Rule 7.1(a) in the future will result in the court striking or denying the motion.

does not appear to be an attorney licensed to practice in the State of Colorado or before this court. *See* http://www.coloradosupremecourt.com/search/attsearch.asp; https://www.cod.uscourts.gov/CMECF/AttorneyStatus.aspx. Nor has Ms. Mitchell established that she is either a minor or incompetent as required by Rule 17 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 17(c) (providing that "[t]he court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action"). Therefore, the court GRANTS IN PART and DENIES IN PART Ms. Mitchell's Motion for Relief.

## II.     Motion for Access

In the Motion for Access, Ms. Mitchell asks the court for a "free-exempt account on [PACER] in order that she may have access to any and all of the document entries, including all sealed records, exhibits and any and all other materials." [#96]. PACER is the electronic docket maintained by federal courts. The District of Colorado's Electronic Public Access Fee Schedule ("Fee Schedule") provides that "[a]ttorneys of record and parties in a case (including *pro se* litigants) receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. No fee is owed under this provision until an account holder accrues charges of more than $15 in a quarterly billing cycle." http://www.cod.uscourts.gov/Portals/0/Documents/PACER/pacer_fees.pdf. The Fee Schedule further instructs that the court may, "upon a showing of cause, exempt indigents…from payment of those fees." *Id.* In finding such cause, the court must find that the person seeking exemption has "demonstrated that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Id.* Ms. Mitchell asserts in her Motion for Access that she is indigent; however, she has not filed a Motion and Affidavit for Leave to Proceed Pursuant

to 28 U.S.C. § 1915.  Nor does her Motion for Access explain why receiving copies of docket entries mailed to her by the Clerk of the Court creates an unreasonable burden necessitating an exemption, or how receiving an exemption would promote public access to information. Therefore, the court DENIES Ms. Mitchell's Motion for Access, with leave to refile should Ms. Mitchell be able to establish that she is indigent.

### III.   Motions to Bifurcate

The Represented Parties' Motion to Bifurcate seeks a court order separating their case from Lisa and Samuel Mitchell's case.  [#93].  They assert they will be prejudiced if the court does not bifurcate their claims, and represent that they have raised no claims as to Defendant Howard, that they will proceed only as to El Pueblo Ranch and Defendant Baca, and that Ms. Mitchell and Samuel assert claims as to Ms. Howard alone.  *See* [*Id.* at 4].  Ms. Mitchell similarly asks the court to bifurcate her and Samuel's claims from those of the other Plaintiffs, but fails to confirm or dispute that her claims are directed only to Ms. Howard.  [#97].  On August 31, 2015, Defendants El Pueblo Ranch and Sherri Baca filed a Response to both Motions to Bifurcate stating their non-opposition.[3]  [#102].  On August 31, 2015, Ms. Ruttenberg filed a Response to the Motion to Bifurcate on behalf of her clients, stating they do not oppose.  [#103].

Pursuant to Federal Rule of Civil Procedure 42(b), the Court may bifurcate the issues in a case into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize...." Fed. R. Civ. P. 42(b).  *See also King v. McKillop,* 112 F. Supp. 2d 1214, 1221 (D. Colo. 2000). The Parties represent in the Scheduling Order that Ms. Mitchell is suing Defendant Howard for "denial of her right to familial association with her son," and that Samuel is suing Defendant Howard for violations of the Fourteenth Amendment, and that the remaining Plaintiffs are suing

---

[3] Ms. Ruttenberg represents in the Represented Plaintiffs' Motion to Bifurcate that "[c]ounsel for the Defendants do not oppose this motion." [#93 at 1].

only El Pueblo Ranch and Defendant Baca. [*See* #55]. However, the Amended Complaint does not clearly reflect that Ms. Mitchell and Samuel are the only two Plaintiffs who assert a claim as to Defendant Howard, and that Ms. Mitchell and Samuel do not assert claims as to El Pueblo Ranch or Defendant Baca. [*See* #14 at 28-33, ¶¶ 52-58, 61-64]. In the Represented Plaintiffs' Response to the Motion to Bifurcate, Plaintiffs' counsel suggested that there are pending claims against El Pueblo by Ms. Mitchell and Samuel. [#103 at ¶ 6]. Accordingly, the court DIRECTS Ms. Mitchell and Samuel to file Notice(s) to clarify what claims they intend to assert and against whom in a bifurcated action, and the court will address the issue of the operative causes of action <u>after</u> it disposes of the pending Motion for Order to Set Aside Settlement [#63] and the related Motion to Enforce Settlement Agreement [#74].

Finally, on August 26, 2015, the Clerk of the Court docketed a letter signed by Samuel informing the court that he had directed Ms. Mitchell serve as his attorney, representative, or next friend. [#90]. The same day, Ms. Mitchell entered an appearance for herself and for Samuel "as his attorney-in-fact, next friend, representative, and decision maker whenever necessary due to his ongoing incarceration." [#91]. Based on the record before the court, Ms. Mitchell does not appear to be qualified to serve as Samuel's attorney, given the fact that she is, in fact, not a licensed attorney. In addition, it is unclear whether Ms. Mitchell should be permitted to be Samuel's representative under Rule 17 of the Federal Rules of Civil Procedure, given the representations of former counsel as well as the fact that the previously appointed next of friend, Michael LaJoie, has not withdrawn or appeared to take a position.

Ms. Ruttenberg represented in an August 18, 2015 filing with the court that Samuel turned eighteen on June 16, 2015[4] and was "deemed to be restored to competency earlier in the year." [#67 at 3, ¶ 4]. Ms. Ruttenberg further represented in an August 20, 2015 filing that Ms. Mitchell "is not a licensed attorney and has not been appointed as [Samuel's] guardian." [#75 at 3, ¶ 1]. Neither Ms. Mitchell nor Samuel has disputed these assertions. The Amended Complaint states that Samuel has been appointed a Guardian Ad Litem ("GAL"), Mr. LaJoie [#14 at 20, ¶ 37]; and on September 19, 2014, the court granted a motion to substitute Mr. LaJoie for Ms. Mitchell as Samuel's next friend. [#36]. At the Status Conference held August 21, 2015, this court instructed Mr. LaJoie to "file papers reflecting whether [he] will continue to represent [Samuel] as his next of friend pursuant to Fed. R. Civ. P. 17(c)," and has not yet received such notice. [#83]. A person is entitled to a representative, GAL, or next friend *only* if he or she is a minor or deemed incompetent. *See* Fed. R. Civ. P. 17(c). While Ms. Mitchell has the right to appear *in propria persona*, she does not have the right to represent her adult son. "Colorado law prohibits the unauthorized practice of law, *i.e.,* the practice of law by a person who is not a licensed attorney in good standing with the State Bar." *People v. Shell,* 148 P.3d 162, 170 (Colo. 2006) (citation omitted). *See also Sanders v. Funk*, No. 07–cv–00192–LTB–CBS, 2007 WL 1158531, at * 3 (D. Colo. August 6, 2007) (collecting cases).

## IV.    Court Decorum

Finally, the court addresses various statements made by Ms. Mitchell and Ms. Ruttenberg in court filings since August 13, 2015 when the court received the first of many filings by Ms. Mitchell regarding the status of the case. *See, e.g.*, [#62, #63, #70, #75, #93, #103]. While the court understands that there has been a breakdown in the relationship between Ms. Mitchell,

---

[4] The representation was that Samuel turned eighteen on "June 16, 1997"; the court construes this date as his birthday and an inadvertent error on behalf of Ms. Ruttenberg. [#67 at 3, ¶ 4].

Samuel, and Ms. Ruttenberg, which formed the basis of the court's Order granting Ms. Mitchell's Motion to Dismiss Counsel and Ms. Ruttenberg's Unopposed Motion to Withdraw as Counsel for Lisa Mitchell and S.M. [#83], this court is concerned that the tenor and substance of the allegations made in these papers is not appropriate. Public court filings are not the proper place to air and then to respond to allegations that are not relevant to the pending motions or this instant litigation, and are personal and, in some cases, inflammatory in nature. The Parties are instructed to limit their filings to facts relevant to and supported by the pleadings of the case and applicable law. The use of invective language by any Party is not appropriate, and will not be tolerated by the court. Ms. Ruttenberg is further reminded of her obligations under the Colorado Rules of Professional Conduct, even to third persons and Parties whom she no longer represents.

Accordingly,   IT IS ORDERED:

1. The Motion for Relief [#89] is **GRANTED** to the extent this court will endeavor to issue its orders in writing and allow, on motion and where appropriate, extensions of time, and **DENIED** as to all other requests;

2. The Motion for Access [#96] is **DENIED,** with leave to refile if Ms. Mitchell can establish she is indigent;

3. Ms. Mitchell and Samuel are **DIRECTED** to file Notice(s) no later than **September 18, 2015**, specifically identifying from the paragraphs as set forth in the Amended Complaint [#14] what claims are being asserted by Ms. Mitchell and Samuel and against whom in any bifurcated matter;

4. Plaintiff Lisa Mitchell's Notice of Entry of Appearance [#91] is **STRICKEN**; and

5. Samuel is **ORDERED** to provide an address at which he can be provided court documents directly on or before **September 18, 2015**.

DATED:  September 1, 2015                    BY THE COURT:

                                             s/ Nina Y. Wang
                                             United States Magistrate Judge