**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Case Action No. 14-CV-1068-WYD-NYW

LISA MITCHELL,
J.R.M., by and through her next friend William Montez,
SU. M., by and through his next friend Richard Murray,
SA. M., by and through his next friend Michael LaJoie, and
T.L., by and through his next friend Lorraine Ortega,

    Plaintiffs,

v.

CINDY HOWARD,
SHERRI BACA, and
EL PUEBLO BOYS AND GIRLS RANCH, INC.,

    Defendants.

---

**ORDER**

---

Magistrate Judge Nina Y. Wang

This civil action is before the court on Ms. Mitchell's Unopposed Motion for Writ of Habeas Corpus to Procure Incarcerated Witness/Plaintiff Samuel Mitchell's Presence at the October 2, 2015 Hearing as Her Witness ("Motion for Writ"). [#124, filed September 23, 2015]. Also before the court is non-party Susan Murray[1] and, next friend to Plaintiff T.L., Lorraine Ortega's Partially Unopposed Motion to Quash Subpoenas ("Motion to Quash"). [#130, filed September 27, 2015]. Finally, before the court sua sponte is the September 29, 2015 letter from non-party S. Renee Zebelman-Eskenazi a/k/a Susan Vigoda. [#142]. These matters were referred to the undersigned Magistrate Judge pursuant to the Order of Reference dated April 16,

---

[1] Alison Ruttenberg, attorney for Plaintiffs J.R.M., Su.M., and T.L., represents that Ms. Murray is the grandmother of Su.M. and mother to Richard Murray, next friend to Su.M. [#130 at 1].

2014 [#4], Order of Reassignment dated February 10, 2015 [#52], and memoranda dated September 23, 2015 [#125] and September 28, 2015 [#132].

## BACKGROUND

Plaintiffs Lisa Mitchell ("Lisa Mitchell" or "Ms. Mitchell") and her son, Samuel Mitchell,[2] initiated this action on April 14, 2014, through their attorney Alison Ruttenberg, by filing a Complaint pursuant to 42 U.S.C. § 1983 asserting violations of the First and Fourteenth Amendments and a state law claim for negligence against Cindy Howard, Judy Griego, Sherrie Baca, Carrie Archuletta, Scott Epstein, "El Pueblo, an Adolescent Treatment Community," and various John Does. [#1]. Ms. Mitchell and Samuel, through Ms. Ruttenberg, filed an Amended Complaint on July 14, 2014 adding Plaintiffs T.L., by and through his next friend Lorraine Ortega, J.R.M., by and through her next friend William Montez, and Su.M., by and through his next friend at that time Susan Murray, and naming as Defendants Ms. Baca, Ms. Howard, El Pueblo Boys and Girls Ranch, Inc. ("El Pueblo Ranch"), and John and Jane Does. [#14]. The Amended Complaint asserts one claim for relief pursuant to § 1983 for violation of Plaintiffs' First, Fourth, Eighth, and Fourteenth Amendment rights as to Defendants Howard, Baca, and the John and Jane Does, and a second claim for relief for negligence as to El Pueblo Ranch. [*Id.*] The client-attorney relationship between Ms. Mitchell, Samuel, and Ms. Ruttenberg thereafter deteriorated irreparably, and this court granted Ms. Ruttenberg's Motion to Withdraw as Counsel on August 21, 2015. *See* [#62, #75, and #83]. Ms. Ruttenberg continues to represent T.L., J.R.M., and Su.M. (the "Represented Plaintiffs").

---

[2] Samuel had not yet reached the age of majority at the time the Complaint was filed and was identified as "S.M." and then later as "Sa.M.." Samuel reached his eighteenth birthday on June 16, 2015, and is therefore identified hereafter by his full name. [#67 at 3, ¶ 4].

On August 13, 2015, Ms. Mitchell filed a Motion to Set Aside Settlement Agreement, referring to an agreement Ms. Ruttenberg had brokered allegedly on behalf of Ms. Mitchell and Samuel Mitchell and Defendant Cindy Howard. [#63]. Six days later, Defendant Howard filed a Motion to Enforce that Settlement Agreement. [#74]. These Motions were referred to the undersigned by memoranda dated August 14, 2015 [#65] and August 20, 2015 [#78]. The court held a Status Conference on August 21, 2015, during which it explained to Ms. Mitchell that, to the extent she proceeded *pro se* after the withdrawal of Ms. Ruttenberg, she would be held to the same rules and procedures as represented parties going forward. [#83].

The court also set an evidentiary hearing on the Motion to Set Aside Settlement Agreement and Motion to Enforce Settlement Agreement for October 2, 2015 ("Evidentiary Hearing"). [#83].[3] In preparation for the Evidentiary Hearing, Ms. Mitchell filed a Motion for Writ, seeking to bring Samuel Mitchell to court to testify in person. [#124]. Apparently, subpoenas were also served to procure the appearance of Susan Murray and Lorraine Ortega for the Evidentiary Hearing. [#130 at 1]. Ms. Mitchell filed a Response to the Motion to Quash on September 28, 2015 [#133], and Ms. Murray and Ms. Ortega filed a Reply, through Ms. Ruttenberg, on September 29, 2015. [#138]. Ms. Zebelman-Eskenazi submitted her letter the same day. [#142].

## ANALYSIS

**I.    Motion for Writ**

Ms. Mitchell seeks a writ of habeas corpus ad testificandum to procure the presence of Samuel Mitchell at the Evidentiary Hearing. Ms. Mitchell represents that Samuel is

---

[3] Several other motions not relevant to the subject of this instant Order are also pending before this court. (*See* Represented Plaintiffs' Motion to Bifurcate [#93]; Ms. Mitchell's Motion to Bifurcate [#97]; non-parties Jefferson County, Alamosa County, and El Paso County's Motion to Quash [#112] and non-party Arapahoe County's Motion to Quash [#118]).

"incarcerated and prohibited from transporting himself" and "[h]is attendance at [the] hearing is critical." [#124 at 1]. She further represents that counsel for Defendants and the Represented Plaintiffs do not oppose Samuel attending the Evidentiary Hearing, but have reminded her that she cannot file documents on Samuel's behalf. [*Id.*] Attached to the Motion for Writ is a handwritten letter from Samuel informing the court that he has been moved to Lookout Mountain Youth Services in Golden, Colorado and asking that he be allowed to attend court proceedings pertaining to his claims in this matter either in person or by telephone. [#124 at 4]. Ms. Mitchell asks that she be allowed to transport Samuel to and from Lookout Mountain Youth Services for the purpose of his attending the Evidentiary Hearing.

The authority to issue writs of habeas corpus ad testificandum is expressly conferred by 28 U.S.C. § 2241(c)(5). Under this statute, a federal court may in its discretion issue such a writ to secure the appearance of a state or federal prisoner as a witness in federal court. *See U.S. v. Quary*, 188 F.3d 520, 4 (10th Cir. 1999) (citing 28 U.S.C. § 2241(c)(5)). A prisoner does not have an absolute right to be present at his civil trial or pretrial proceedings. *Hawkins v. Maynard*, 89 F.3d 850, 1 (10th Cir. 1996) (citing *Price v. Johnston,* 334 U.S. 266, 285-86 (1948)). "In determining whether to grant the writ, the court must weigh the prisoner's need to be present against concerns of expense, security, logistics and docket control." *Hawkins*, 89 F.3d at 1 (citing *Muhammad v. Warden, Baltimore City Jail,* 849 F.2d 107, 111-12 (4th Cir. 1988)). With these considerations in mind, I DENY the Motion for Writ. First, the record before the court does not explain the basis for Samuel Mitchell's incarceration at Lookout Mountain Youth Services. The court is entirely unapprised of the conviction that resulted in Samuel's incarceration and thus cannot make a determination as to what security risks he poses, or what restrictions are currently imposed on him. Second, Samuel is housed in a facility in Golden,

Colorado, which is approximately a twenty-five-minute drive to the Byron G. Rogers United States Courthouse in Denver, Colorado, where the Evidentiary Hearing will proceed. *See Pahls v. Thomas*, 718 F.3d 1210, 1216 n.1 (10th Cir. 2013) (taking "judicial notice of a Google map and satellite image as a source whose accuracy cannot be reasonably questioned") (internal quotation marks and citation omitted). Even if this court had the authority (which it doubts it has)[4] to order the transport of Samuel by his mother, nothing in the record suggests that Ms. Mitchell is an appropriate person to do so, and this court is unwilling to permit Ms. Mitchell to transport her son unsupervised. And though the distance is not great, requiring his transportation would nevertheless result in an unnecessary expense for the State. In addition, the Evidentiary Hearing concerns the very narrow question of whether Ms. Ruttenberg acted with authority in entering into a Settlement Agreement with Defendant Howard on the Mitchells' behalf. Although the Settlement Agreement purports to bind Samuel, he was a minor until June of this year and Ms. Ruttenberg does not contend she consulted with him. Rather, the main issue implicates the scope of authority Lisa Mitchell granted to Ms. Ruttenberg during her representation of the Mitchells – not any information that is solely in the custody and control of Samuel Mitchell. *See* [#103 at ¶¶ 5, 6]. To the extent that Samuel Mitchell wishes to appear by telephone and is permitted to do so by Lookout Mountain Youth Services, he may contact the court by telephone at 303.335.2600 and he will be connected by telephone to the evidentiary hearing. Limiting Samuel to a telephonic appearance at the Evidentiary Hearing will not prejudice him, and will serve the interests of the court with regard to safety, expense and logistics.

---

[4] *See Pennsylvania Bureau of Correction v. U.S. Marshals Service*, 474 U.S. 34, 38 (1985) (holding the writ of habeas statutes do not authorize a federal court to direct a writ ad testificandum to parties who do not have custody of the person incarcerated).

## II.     Motion to Quash

Non-party Ms. Murray and next friend Ms. Ortega seek a court order quashing subpoenas served on them on September 24, 2015, commanding their attendance at the Evidentiary Hearing. They argue the subpoenas were improperly served and compliance would cause an undue burden. [#130 at 1]. Ms. Mitchell asks the court to enforce the subpoenas, and contends Ms. Murray and Ms. Ortega will provide "critical" testimony with respect to the Settlement Agreement with regard to how "Ms. Ruttenberg negotiates, does not negotiate, and presents deals to opposing counsel on behalf of her clients herein without conferring with clients." [#133 at 1-2].

Pursuant to Rule 45(b), any person aged 18 years or older and not a party to the action may serve a subpoena, which "requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." Fed. R. Civ. P. 45(b). Rule 45(d)(3)(A) allows a court, on timely motion, to quash or modify a subpoena that *inter alia* fails to allow a reasonable time to comply or subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A). Ms. Ruttenberg argues that service was improperly effected, but does not state how. *See* [#130 at 10].[5]  The returns of service filed September 28, 2015, indicate non-party Renee Eskenazi served the subpoenas, issued by the Clerk of the Court and identifying the civil-action number, on Ms. Murray and Ms. Ortega at the request of Ms. Mitchell. [#135, #137]. The proofs of service do not contain the title of this action or specify the time and place for the requested attendance and testimony. *See* Fed. R. Civ. P. 45(a)(ii)-(iii). The proofs of service indicate that fees of $10 and $20 were tendered to Ms. Murray and Ms. Ortega. [#135, #137]. Pursuant to 28 U.S.C. § 1821(b), "[a]

---

[5] Ms. Ruttenberg clarifies in her Reply that Ms. Mitchell failed to comply with 28 U.S.C. § 1821. [#138 at 2].

witness shall be paid an attendance fee of $40 per day for each day's attendance." Witnesses who travel by privately owned vehicle are entitled to be paid "[a] travel allowance equal to the mileage allowance which the Administrator of General Services has prescribed, pursuant to [5 U.S.C. § 5704], for official travel of employees of the Federal Government[.]" 28 U.S.C. § 1821(c)(2). The standard mileage rate for 2015 is 57.5 cents per mile. *See* 5 U.S.C. § 5704. Ms. Murray represents that she would have to travel 34 miles to appear at the Rogers Courthouse and return home [#130 at 9]; accordingly, the fee tendered during service was insufficient by $69. Ms. Ortega represents that she lives 113 miles from the Rogers Courthouse, requiring a round trip of 226 miles, and thus the fee tendered during service was insufficient by $169. [#130 at 9-10]. Both Ms. Murray and Ms. Ortega contend they cannot afford to miss their respective work or travel uncompensated to attend the Evidentiary Hearing. *Id.*

Of equal or greater burden in the court's perspective is the lack of relevancy of Ms. Murray and Ms. Ortega's testimony regarding the Settlement Agreement. The Federal Rules of Civil Procedure favor broad disclosure during discovery. *See* Fed. R. Civ. P. 26(b)(1). *See also Simpson v. University of Colorado*, 220 F.R.D. 354, 358-59 (D. Colo. 2004). However, all discovery is subject to the proportionality limitations imposed by Rule 26(b)(2)(C). *See* Fed. R. Civ. P. 26(b)(1). Therefore, while the court may order discovery of any matter relevant to the issues involved in the action, it "must limit the frequency or extent of discovery" under certain circumstances. Fed. R. Civ. P. 26(b)(2)(C)(i)-(iii). As mentioned above, the purpose of the Evidentiary Hearing is to consider the discrete question of whether the Mitchells expressly authorized Ms. Ruttenberg to enter into the Settlement Agreement. *Cross v. Dist. Court,* 643 P.2d 39, 41 (Colo. 1982) (en banc) ("[A]s we have stated on numerous occasions, an attorney does not have the authority to compromise and settle the claim of his client without the

7

knowledge or consent of his client."). Ms. Ruttenberg is incorrect in her representation that this court has ruled on the pending Motions to Bifurcate, and thus Ms. Mitchell may "no longer claim that the other Plaintiffs and their next friends are 'parties' to her case." [#130 at 9; *compare* #130 at 9 *with* #105 at 6 ("the court will address the issue of the operative causes of action after it disposes of the pending Motion for Order to Set Aside Settlement [#63] and the related Motion to Enforce Settlement Agreement")]. Nonetheless, Ms. Murray and Ms. Ortega are not parties to the Settlement Agreement and no reason has been given by either Ms. Mitchell or Ms. Ruttenberg to conclude that Ms. Murray or Ms. Ortega has *any* knowledge of the authority, or lack of authority, under which Ms. Ruttenberg acted in entering into the Settlement Agreement. Contrary to Ms. Mitchell's suggestion, Ms. Ruttenberg's strategy pertaining to or communications with the Represented Plaintiffs and their next friends has no bearing on whether Ms. Mitchell bestowed sufficient authority on Ms. Ruttenberg. To the extent Ms. Mitchell would seek testimony from Ms. Murray and Ms. Ortega regarding their discussions with Ms. Ruttenberg of family members' claims, requests for damages, and potential for settlement, she would be barred by the attorney-client privilege. Colo. Rev. Stat. § 13-90-107(1)(b). *See, e.g., Gordon v. Boyles*, 9 P.3d 1106, 1123 (Colo. 2000). (The attorney-client privilege protects communications between an attorney and a client relating to legal services.). Accordingly, this court will quash the subpoenas directed at Ms. Murray and Ms. Ortega.

**III.   Decorum in Court**

Finally, this court has growing concern over the lack of professional decorum and sensitivity to confidential information displayed in recent filings. The Parties and their counsel are reminded that they are appearing in a court of law to adjudicate federal claims asserted alongside very serious allegations. This is not a forum in which to air personal grievances or

engage in personal attacks. In that vein, Ms. Zebelman-Eskenazi is not a party to this proceeding and the court will not entertain her letter. Ms. Zebelman-Eskenazi has not sought to intervene in this matter pursuant to Federal Rule of Civil Procedure 24, and should she appear at the Evidentiary Hearing she will not be allowed to testify.

All Parties, represented or those proceeding *pro se*, who appear in this court are required to comply with the Federal Rules of Civil Procedure and the Local Rules of Practice for the District of Colorado. Both require that any filing made with the court be well supported by fact and law. *See, e.g.*, Fed. R. Civ. P. 11. In addition, attorneys appearing before the court must also adhere the Colorado Rules of Professional Conduct (to the extent they are incorporated into the Local Rules of Practice) and the District of Colorado's Standards of Professional Conduct. This is the second warning to both the Parties and counsel that the court will not tolerate filings that contain allegations that are irrelevant or born of an inappropriate tenor and substance. *See* [#105 at 7-8]. Failure to adhere to these admonitions in the future may result in the court striking a filing and/or imposing other sanctions, including monetary sanctions.

Accordingly, IT IS ORDERED:

1. The Motion for Writ [#124] is **DENIED**; however, Samuel Mitchell, through the help of his case manager, may participate in the Evidentiary Hearing by contacting the court at 303.335.2600 on October 2, 2015 at 11:00 am MDT;

2. The Motion to Quash [#130] is **GRANTED**;

3. The letter submitted by Ms. Zebelman-Eskenazi is **STRICKEN**; and

4. A copy of this Order is to be sent to the CASE MANAGER FOR SAMUEL MITCHELL at Lookout Mountain Youth Services, 2901 Ford Street, Golden, Colorado 80401.

DATED:  September 30, 2015					BY THE COURT:

							s/ Nina Y. Wang
							United States Magistrate Judge