# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Case Action No. 14-CV-1068-WYD-NYW

LISA MITCHELL,
J.R.M., by and through her next friend William Montez,
SU. M., by and through his next friend Richard Murray,
SA. M., by and through his next friend Michael LaJoie, and
T.L., by and through his next friend Lorraine Ortega,

    Plaintiffs,

v.

CINDY HOWARD,
SHERRI BACA, and
EL PUEBLO BOYS AND GIRLS RANCH, INC.,

    Defendants.

## ORDER ON MOTIONS TO QUASH

Magistrate Judge Nina Y. Wang

This civil action is before the court on the Motion to Quash the Subpoenas *Duces Tecum* Directed to the Jefferson County, Alamosa County, and El Paso County Public Defender Offices (collectively, the "Public Defenders") ("Public Defenders' Motion to Quash") [#112] filed on September 11, 2015, and the Arapahoe County Department of Human Services' ("Arapahoe County DHS") Motion to Quash Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premises in Civil Action ("Arapahoe County DHS Motion to Quash") [#118] filed on September 18, 2015. These motions were referred to the undersigned magistrate judge by the Order Referring Case dated April 16, 2014 [#4] and memoranda dated September 11, 2015 [#113] and September 28, 2015 [#119], respectively. The court held oral argument on these motions on October 2, 2015, at which the Public Defenders and Arapahoe County DHS

were represented by counsel. In addition, the named Plaintiffs Su. M. and J.R.M.[1] were represented by counsel, who indicated that both Su. M. and J.R.M. would consent to the disclosure of the material subpoenaed, and would execute written consents to that effect. Having considered the applicable case law, the statements made by counsel, and the court file, the court hereby GRANTS IN PART and DENIES IN PART both the Public Defenders' Motion to Quash and Arapahoe County's Motion to Quash.

## BACKGROUND

This case was brought pursuant to 42 U.S.C. § 1983 and arises from allegations of abuse occurring at Defendant El Pueblo Boys and Girls Ranch ("El Pueblo"), which is described in the Amended Complaint as "an adolescent treatment community" and "an accredited behavioral healthcare facility which provides high quality of care in the delivery of a continuum of services, both residential and non-residential, for adolescents at risk, or suffering from, mental, addictive, or other behavioral disorders." [#14 at ¶ 5]. Plaintiff Su. M. was placed at El Pueblo between August 11, 2011 and approximately August 2013. [*Id.* at ¶ 10]. Plaintiff J.R.M. arrived at El Pueblo in January 2013, and stayed for approximately 90 days. [*Id.* at ¶¶ 9, 44].

The Amended Complaint avers that after J.R.M. arrived at El Pueblo after pleading guilty to a Class 2 misdemeanor theft charge, she was locked into a "Reflections Cottage" for a period of nearly 30 days without access to a telephone to call her attorney and without medical care for over three weeks for a broken finger that was misdiagnosed by the medical staff at El Pueblo. [*Id.* at ¶ 43]. The Amended Complaint further avers that in January 2012, a John Doe at El Pueblo applied excessive force in attempting to force Su. M. to release his hold on a door,

---

[1] In their briefing, the Parties refer to Plaintiff Su. M. as "S.M." and J.R.M. as "J.M." To be consistent with the manner by which this Plaintiff is referred to in the formal caption and operative Amended Complaint, the court refers to these Plaintiffs as "Su. M." and "J.R.M.," except when quoting directly from the filings.

thereby breaking his arm, and that Su. M. subsequently suffered two broken shoulders at El Pueblo.[2]  [*Id.* at ¶ 49].

During the course of discovery, El Pueblo subpoenaed Arapahoe County DHS for documents related to "any Dependency and Neglect Pleadings, Caseworker Notes/Records, Competency Evaluations, Placement Evaluations, and Incident/Police/Witness Reports in the possession, custody or control of Arapahoe County Department of Human Services in any way related to [S.M.]"  [#118-1].  Arapahoe County DHS objected to the production of the records, on the ground that such records were confidential under Colo. Rev. Stat. § 26-1-114 and § 19-1-307(1)(a).  [#118 at 2-3].  In addition, it argued that even when access is given to a parent or legal custodian of a child named in the report, such disclosure is only made with the protection of the identity of reporters, informants, and other sensitive information (such as personal health information) in the files.  [*Id.*]  El Pueblo responded by asserting that it conferred with the attorney for Su. M. prior to serving the subpoena, that it was actually upon the suggestion of Su. M's counsel that such subpoena was served so that Plaintiffs could avoid the cost of obtaining and producing such documents, and that Su. M. consented to such production. [#127 at 3, n.2]. During the October 2 hearing, counsel for Arapahoe County DHS indicated that even with the consent of Su. M and J.R.M., the County would need to redact any identifiers related to reporters, informants, or other sensitive information, and El Pueblo was amenable to such redaction.

The arguments presented by the Public Defenders' Motion to Quash went beyond the confidentiality concerns identified by Arapahoe County DHS.  The Public Defenders, who

---

[2] It is unclear whether the same John Doe was involved in both incidents resulting in injury to Su. M.  [*Id.* at ¶ 44].

3

represent juveniles in delinquency petitions, identified the following categories of information as responsive to the subpoenas:

> Information responsive to the Jefferson County and Alamosa County Subpoenas concerning Su. M. includes:
>
> • Police reports and investigations associated with the juvenile delinquency proceeding captioned, *In the Interest of S.M.*, Jefferson Cnty. Jv. Case No. 2015JD172;
>
> • Law information criminal background database reports for Su. M.;
>
> • Police reports and investigations associated with the juvenile delinquency proceeding captioned, *In the Interest of S.M.*, Jefferson Cnty. Jv. Case No. 2015JD211;
>
> • Police reports and investigations associated with the juvenile delinquency proceeding captioned *In the Interest of S.M.*, Alamosa Cnty. Jv. Case No. 2015JD6;
>
> • Pleadings, including juvenile assessment and reports, associated with and filed in the juvenile delinquency proceeding captioned *In the Interest of S.M.*, Alamosa Cnty. Jv. Case No. 2015JD6;
>
> • Juvenile competency evaluation for S.M. dated June 11, 2015 (originally filed in the Alamosa County case, but also filed in the Jefferson County cases for S.M.);
>
> Information responsive to the El Paso County Subpoena concerning J.R.M. includes:
>
> • Police reports and investigations associated with the juvenile delinquency proceeding captioned, *In the Interest of J.M.*, El Paso Cnty. Jv. Case No. 2014JD27;
>
> • Pleadings associated with the juvenile delinquency proceeding captioned *In the Interest of J.M.*, El Paso Cnty. Jv. Case No. 2014JD27.

[#112 at 3]. The Public Defenders first argue that the information sought by El Pueblo was protected from disclosure pursuant to Colorado statutes, Colo. Rev. Stat. §§ 19-1-1-302(1), 19-1-304(1)(1); 19-1-106(2), and a Chief Justice Directive 05-01, § 4.60(b)(2), which all provide for confidentiality in juvenile delinquency proceedings. [#112 at 6]. The Public Defenders contend

4

that it was unclear whether Su. M. and J.R.M. consented to the release of information from their public defender files, and the public's interest in protecting the attorney-client privilege between the juvenile and his or her public defender outweighs disclosure. [*Id.* at 7]. The Public Defenders also argue that such information is not relevant to this lawsuit, because the files pertain to proceedings filed in 2014 for J.R.M. and 2015 for Su. M., time periods outside of their respective residencies at El Pueblo. [*Id.* at 8]. The Public Defenders contend that without a showing of relevance, the subpoenas should be quashed in their entirety. [*Id.*]

In addition, the Public Defenders make a number of additional arguments about confidentiality of certain portions of their files concerning J.R.M. and Su. M. They argue that police reports and investigations are confidential under Colo. Rev. Stat. § 19-1-304(2)(a), and juveniles may only consent to their disclosures with appropriate redactions so that information about other minor individuals is not released. [#112 at 8-9]. They also argue that the files contain medical, mental health, and substance abuse records that are confidential and precluded from disclosure. [#112 at 10]. The Public Defenders also contend that criminal background reports obtained from law enforcement databases regarding Su. M. are precluded from dissemination under state and federal law because the Parties in this litigation are not criminal justice agencies. [#112 at 11-12].

El Pueblo responds by arguing that Plaintiffs Su. M. and J.R.M. consent to the release of the records at issue, and like with the subpoena directed at the Arapahoe County DHS, the idea of serving a subpoena was the idea of Plaintiff's counsel, to avoid the potential copying and production costs. [#126 at 1-2, 3 n.3]. El Pueblo contends that Su. M., J.R.M., and El Pueblo "all agree that the requested materials are reasonably calculated to lead to the discovery of admissible evidence in this case … Plaintiffs Su. M. and J.M. have put their delinquency,

5

medical and mental health conditions at issue via the liability and damages allegations raised in their Complaint." [*Id.* at 3]. El Pueblo further argues that it had written releases for Protected Health Information executed by Su. M. and J.R.M.[3] [*Id.* at 4].

Counsel for Plaintiffs Su. M. and J.R.M. also filed responses to the Motions to Quash in original and amended forms. [#128, #129]. In pertinent part[4] in those responses, counsel for Plaintiffs Su. M. and J.R.M. confirmed that "Plaintiffs and their parents oppose the motions to quash. These Plaintiffs have been attempting to seek the information sought by the subpoenas themselves." [#129 at 3]. None of the various court filings attach any written consents executed by Su. M, J.R.M., their parents, or their next friends.

## ANALYSIS

**I.   Applicable Law**

Colo. Rev. Stat. § 19-1-307(1)(a) contemplates that dependency and neglect records and information will presumptively be confidential, except as to certain categories of individuals, including any person in the reports who was the alleged victim of the abuse of his or her guardian ad litem, *id.* at § 19-1-307(2)(d), or the parent, guardian, legal custodian, or other person responsible for the health or welfare of a child named in a report, or the assigned designee of any such person acting by and through a validly executed power of attorney, with protection for the identity of reporters and other appropriate persons, *id.* at § 19-1-307(2)(e). In juvenile delinquency proceedings, state public defenders represent indigent juveniles "upon whom a

---

[3] While El Pueblo asserts it attached the signed releases as Exhibit A to the Response [#126 at 4, n.4], the ECF system does not reflect any such exhibit was filed.

[4] The other portions of these responses discuss the subpoenas served on Susan Murray and Lorraine Ortega to attend the October 2 hearing. Plaintiffs' counsel first mistakenly believed that the subpoenas were served by counsel for Arapahoe County DHS and the Public Defenders. [#128 at 3-7]. Subsequently, Plaintiffs' counsel determined that the subpoenas were served by Plaintiff Lisa Mitchell. [#129 at 4]. In any case, the court disposed of these issues pursuant to its Order dated September 30, 2015. [#143].

delinquency petition is filed or who are in any way restrained by court order, process, or otherwise." Colo. Rev. Stat. § 21-1-103(2). It is well-settled under Colorado law that the privilege that attaches between an attorney and a client is held, and may be waived, by the client. Colo. Rev. Stat. § 13-90-107(1)(b); *People v. Trujillo*, 144 P.3d 539, 542 (Colo. 2006).

At the time of the hearing, it was unclear whether Su. M. and J.R.M., or their parents and/or guardians, had executed written consents to permit disclosure of their dependency and neglect records or their files maintained by the Public Defenders. The representations by Plaintiffs' counsel, both in the filings and in open court, are helpful but are insufficient to effectuate proper disclosure of the information at issue. Therefore, within seven (7) days of this Order, to the extent that such written consent forms have not already been provided, specific written consents seeking disclosure of the documents reflected in the subpoenas must be delivered in original form to counsel for Arapahoe County DHS and to counsel for the Public Defenders.

Once the written consent forms are delivered to counsel, Arapahoe County DHS and counsel for the Public Defenders are ordered to produce, pursuant to the Protective Order entered in this case [#59], the documents responsive to the subpoenas, with the following exceptions:

(1) As discussed by the Parties and agreed to by El Pueblo at the hearing, the Arapahoe County DHS may redact or withhold information reflecting the identity of reporters, informants, witnesses, other minors, and other third parties whose identification is irrelevant to the issues of liability and damages raised by the Amended Complaint in this case; and

(2) As discussed by the Parties and agreed to by El Pueblo at the hearing, the Public Defenders may redact or withhold information related to other minor individuals reflected in the

7

police reports, investigations, and may withhold all criminal background reports from the National Crime Information Center.

## CONCLUSION

Accordingly, **IT IS ORDERED**:

(1) Motion to Quash the Subpoenas *Duces Tecum* Directed to the Jefferson County, Alamosa County, and El Paso County Public Defender Offices [#112] is GRANTED IN PART, and DENIED IN PART;

(2) Arapahoe County Department of Human Services' Motion to Quash Subpoena to Produce Documents, Information, or Objects or Permit Inspection of Premises in Civil Action [#118] is GRANTED IN PART and DENIED IN PART;

(3) All such documents produced in response to the respective subpoenas, consistent with the limitations set forth in this order, to the extent practicable, will bear Bates labels and the designation of "Confidential – Subject to the Protective Order;"

(4) Responsive documents will be produced by Arapahoe County DHS and the Public Defenders no later than **November 13, 2015;** and

(5) The Protective Order is modified as to such documents, to the extent that documents related to Su. M. and J.R.M.'s dependency and neglect proceeding and documents related to the Public Defenders' representation of Su. M. will NOT be produced to unrelated Plaintiffs Lisa Mitchell, Sa. M., T.L., or their counsel by Arapahoe County DHS, the Public Defenders, or any Party to this litigation, without written consent by Su. M, J.R.M., and/or their parents or guardians or further order of the court.

DATED: October 13, 2015 BY THE COURT:

s/ Nina Y. Wang
United States Magistrate Judge

9