**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case Action No. 14-cv-1068-WYD-NYW

LISA MITCHELL,
SAMUEL MITCHELL,
J.R.M., by and through her next friend William Montez,
SU. M., by and through his next friend Richard Murray, and
T.L., by and through his next friend Lorraine Ortega,

    Plaintiffs,

v.

CINDY HOWARD,
SHERRI BACA, and
EL PUEBLO BOYS AND GIRLS RANCH, INC.,

    Defendants.

## ORDER DENYING MOTIONS TO BIFURCATE

Magistrate Judge Nina Y. Wang

This civil action is before the court on two related motions:

(1) "Represented Plaintiffs' Motion to Bifurcate," [#93], filed by Plaintiffs Su.M., T.L., and J.M. (collectively, "Represented Plaintiffs") on August 27, 2015; and

(2) "Plaintiff's Motion to Bifurcate Case," [#97], filed by Plaintiff Lisa Mitchell on August 28, 2015, seeking to bifurcate the claims she and Samuel Mitchell have raised from the claims of the Represented Plaintiffs.

These motions have been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1), the Order Referring Case dated April 16, 2014 [#4], the Order of Reassignment dated February 10, 2015 [#52], and the memoranda dated August 28, 2015 [#94],

and August 31, 2014 [#98]. Having reviewed the Parties' motions and the applicable case law, this court DENIES both motions for the following reasons.

## BACKGROUND

Plaintiffs Lisa Mitchell and her son, Samuel Mitchell,[1] initiated this action on April 14, 2014, asserting various causes of action pursuant to 42 U.S.C. § 1983 for alleged violations of the First and Fourteenth Amendments, and asserting a state law claim for negligence against Cindy Howard ("Defendant Howard" or "Ms. Howard"), Judy Griego, Sherrie Baca ("Defendant Baca" or "Ms. Baca"), Carrie Archuletta, Scott Epstein, "El Pueblo, an Adolescent Treatment Community," and various John Does. [#1]. Ms. Mitchell and Mr. Mitchell, through counsel, then filed an Amended Complaint on July 14, 2014 adding Plaintiffs T.L., by and through his next friend Lorraine Ortega, J.R.M., by and through her next friend William Montez, and Su.M., by and through his next friend at that time Susan Murray, and naming as Defendants Ms. Baca, Ms. Howard, El Pueblo Boys and Girls Ranch, Inc. ("El Pueblo Ranch"), and John and Jane Does. [#14]. The Amended Complaint asserts a first claim for relief pursuant to § 1983 for violation of Plaintiffs' First, Fourth, Eighth, and Fourteenth Amendment rights as to Defendant Howard, Defendant Baca, and the John and Jane Does, and a second claim for relief for negligence as to El Pueblo Ranch and Sherri Baca ("El Pueblo Defendants"). [*Id.*; #55 at 3-4].

While pled as a single claim, Plaintiffs' First Claim for Relief is actually an amalgamation of various causes of action brought by certain Plaintiffs against certain Defendants. [#14 at 28]. Therefore, although characterized in the Amended Complaint as a single claim against Ms. Howard, the First Claim for Relief actually raises one claim by Lisa and

---

[1] Samuel had not yet reached the age of majority at the time the Complaint was filed and was identified as "S.M." and then later as "Sa.M." Samuel reached his eighteenth birthday on June 16, 2015, and is therefore identified hereafter by his full name, as he has done in his own filings and as Lisa Mitchell has done in her filings on their behalf. [#67 at 3, ¶ 4].

Samuel Mitchell against Defendant Howard for a denial of familial relationship, and a separate claim by Samuel Mitchell against Defendant Howard for deliberate indifference. [#47; #55 at 3; #157 at 2-3]. Samuel Mitchell also asserts claims against Ms. Baca and El Pueblo Ranch, to which Ms. Mitchell did not join.

On August 27 and 28, respectively, the Represented Plaintiffs and Ms. Mitchell moved to bifurcate the case, asking the court to separate the Represented Plaintiffs' claims from those brought by Lisa and Samuel Mitchell and to conduct separate and distinct proceedings. [#93, #97]. Due to the Amended Complaint's lack of clarity with regard to what is pled against whom, this court directed the Mitchells in a September 1, 2015 Order to clarify what claims they intend to assert in a bifurcated action and against which Defendants. [#105 at 6]. On September 21, 2015, Ms. Mitchell filed a Notice of Claims [#121], to which Defendant Howard responded pn October 15, 2015 [#157]. Ms. Mitchell filed a Reply on November 2, 2015. [#161].[2]

---

[2] There appears to be a dispute between the Parties regarding this court's intention and direction as expressed in the Order directing the Mitchells to clarify their understanding of what claims they have asserted. [#157, #161]. This court's September 1 Order was not intended to permit leave, and did not grant leave, for either Lisa Mitchell or Samuel Mitchell to amend their claims in this action. The Order was simply an attempt by this court to ascertain which claims, previously asserted in the Amended Complaint [#14], were claims that Lisa Mitchell and Samuel Mitchell intend to pursue, so as to aid the court in its consideration of the instant motions. Based on this court's review of the Parties' filings and the entire court docket, including the Amended Complaint and the claims as set forth in the Scheduling Order [#14, #55], the court understands that Ms. Mitchell has a sole claim against Defendant Howard for denial of familial relationship; and in addition to his claim for a denial of familial relationship, Mr. Mitchell has asserted claims against Defendant Howard for deliberate indifference, against Defendant Baca for violations of the Eighth or Fourteenth Amendments, and against the El Pueblo Defendants for negligence. [#14].

## ANALYSIS

Pursuant to Federal Rule of Civil Procedure 42(b), the Court may bifurcate the issues in a case into separate trials "[f]or convenience, to avoid prejudice, or to expedite and economize...." Fed. R. Civ. P. 42(b). *See also King v. McKillop,* 112 F. Supp. 2d 1214, 1221 (D. Colo. 2000). In addition, Rule 21 of the Federal Rules of Civil Procedure permits a court, in its discretion, to "sever any claim against a party." Fed. R. Civ. P. 21; *Safe Streets Alliance v. Alternative Holistic Healing, LLC*, --- F. Supp. 3d ----, 2015 WL 4245823 (D. Colo. July 14, 2015). The Represented Plaintiffs ask the court to bifurcate their claims from those brought by Lisa and Samuel Mitchell, contending that Ms. Mitchell's filings to date have slowed the progress of the case, the Represented Plaintiffs have no claims against Defendant Howard, and Ms. Mitchell's goals for the litigation are not aligned with those of the Represented Plaintiffs. [#93]. The Represented Plaintiffs indicate that counsel for Defendants do not oppose the motion. [*Id.* at 1]. Ms. Mitchell seeks bifurcation due to her adversarial relationship with Ms. Ruttenberg. [#97].

While not styled as such, it appears that the Parties do not seek bifurcated trials, *i.e.*, to proceed in a single action until when and if the case is ready for trial; but rather, to immediately separate the claims of the Represented Parties from those of the Mitchells. Accordingly, this court concludes that the application of Rule 21 is more appropriate. Under Rule 21, the court retains significant discretion in determining whether severance is appropriate. *See Safe Streets Alliance*, 2015 WL 4245823 at *2. In this case, while the alleged instances of abuse appear to be distinct, the El Pueblo Defendants are common as are Mr. Mitchell's claims for Eighth and/or Fourteenth Amendment violations, as well as for negligence. [#14]. It also appears that Mr. Mitchell's residence at El Pueblo Ranch spanned the time period of when the Represented Plaintiffs resided at El Pueblo Ranch, suggesting that there will be common facts regarding Ms.

Baca's conduct at issue in the first claim, conduct by staff members at El Pueblo, and El Pueblo Ranch's vicarious liability as asserted by the second claim. [*Id.*].  None of the Represented Parties nor Ms. Mitchell has provided any legal reason as to why these claims should be severed from one another or why the common Defendants should be subjected to potentially duplicate discovery.  And while the level of dysfunction between Ms. Ruttenberg and Ms. Mitchell is unfortunate, that alone does not form an adequate basis for severance, given the common issues of fact and law.  The Parties have previously been admonished, and are further reminded, of their respective obligations under the Federal Rules of Civil Procedure and the Local Rules of Civil Practice for the District of Colorado to cooperate in achieving a just, speedy, and inexpensive determination of this action.  *See, e.g.*, Fed. R. Civ. P. 1.

Accordingly, **IT IS HEREBY ORDERED** that:

(1)     Represented Plaintiff's Motion to Bifurcate [#93] is **DENIED**; and

(2)     Motion to Bifurcate filed by Plaintiff Lisa Mitchell [#97] is **DENIED**.

DATED:  January 20, 2016          BY THE COURT:

s/ Nina Y. Wang
Nina Y. Wang
United States Magistrate Judge