IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No.    14-cv-01068-WYD-NYW

LISA MITCHELL,
J.R.M., by and through her next friend William Montez,
SU. M., by and through his next friend Richard Murray,
SA. M., by and through his next friend Michael LaJoie, and
T.L., by and through his next friend Lorraine Ortega,

          Plaintiffs,

v.

CINDY HOWARD,
SHERRI BACA, and
EL PUEBLO BOYS AND GIRLS RANCH, INC.,

          Defendants.

---

**ORDER AFFIRMING AND ADOPTING THE RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

---

I.    <u>INTRODUCTION</u>

        THIS MATTER is before the Court on the following filings: (1) Plaintiffs' Motion to

Set Aside Settlement (ECF No. 63), filed August 13, 2015; (2) Defendant Cindy Howard's

Motion to Enforce Settlement Agreement (ECF No. 74), filed August 19, 2015; (3)

Magistrate Judge Wang's Recommendation ("Recommendation") (ECF No. 200), filed

January 25, 2016; and (4) Defendant Howard's Partial Objection to Recommendation of

United States Magistrate Judge (ECF No. 205), filed February 5, 2016.

        After carefully considering all pleadings, evidence, and arguments presented by

the parties, Defendant Howard's objections are overruled and Magistrate Judge Wang's

Recommendation is affirmed.

II.   DISCUSSION

Since Defendant's objections were timely filed, I conduct a *de novo* review of Magistrate Judge Wang's conclusions to which objection is made since the nature of the matter is dispositive.   Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1).   As to the portion of Magistrate Judge Wang's Recommendation where no objection was filed, I am vested with discretion to review the Recommendation "under any standard [I] deem[] appropriate."   *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) (stating that "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings").   Nonetheless, though not required to do so, I review the Recommendation to "satisfy [my]self that there is no clear error on the face of the record."[1]   *See* Fed. R. Civ. P. 72(b) Advisory Committee Notes.

In the Recommendation, Magistrate Judge Wang recommends that Plaintiffs' Motion to Set Aside Settlement Agreement be granted and Defendant Howard's Motion to Enforce Settlement Agreement be denied.   In formulating her Recommendation, Magistrate Judge Wang held an evidentiary hearing and engaged in a detailed fact finding analysis of the purported settlement negotiations that occurred in this case.   After

---

[1]   Note, this standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

a thorough review, Magistrate Judge Wang concluded that the "settlement agreement not

be enforced because Ms. Ruttenberg (Plaintiffs' counsel) did not have authority to

compromise, settle, or consent to a final disposition on behalf of Samuel Mitchell, and in

the alternative, any implied authority to settle had been revoked prior to the attorneys

reaching agreement on essential terms."   (Recommendation at 10).   No objection was

made to this portion of the Recommendation.   Having reviewed the Recommendation, I

am satisfied that there is no clear error on the face of the record, and I agree with

Magistrate Judge Wang that the settlement agreement should not be enforced as to

Plaintiff Samuel Mitchell.

Also in her Recommendation, Magistrate Judge Wang noted that because she

found

> that Ms. Ruttenberg's lack of authority from Samuel Mitchell to settle is
> dispositive of the issue regarding enforceability of the settlement reached
> by counsel, this court does not reach the more complicated issue of whether
> Ms. Ruttenberg had authority from Ms. Mitchell to settle her portion of her
> single claim against Defendant Howard.   The court simply notes that there
> is no evidence in the record that Ms. Mitchell ever specifically agreed that
> settlement could include a non-admission of liability on the part of
> Defendant Howard [#159 at 9] and as of August 8, 2015, when the
> attorneys were agreeing to the form of settlement, including dismissing
> Samuel Mitchell and settling solely with Ms. Mitchell [#152-3 at 1], the
> relationship between Ms. Ruttenberg and Ms. Mitchell had deteriorated to
> such a degree [#153-2 at 1-4] that this court cannot conclude that Ms.
> Ruttenberg had authority to bind even Ms. Mitchell to different, material
> terms by that time.   [#159 at 9; #156 at 74:11-18].

(Recommendation at 14 n.8).   Defendant Howard objects to this portion of the

Recommendation that the settlement agreement be set aside with respect to Plaintiff Lisa

Mitchell.

"'A trial court has the power to summarily enforce a settlement agreement entered into by the litigants while the litigation is pending before it.'"   *Shoels v. Klebold*, 375 F.3d 1054, 1060 (10th Cir. 2004) (quoting *United States v. Hardage*, 982 F.2d 1491, 1496 (10th Cir. 1993)).   "Issues involving the formation and construction of a purported settlement agreement are resolved by applying state contract law."   *Id.* (citing *United States v. McCall*, 235 F.3d 1211, 1215 (10th Cir. 2000)).   In Colorado, "[i]n order for a settlement to be binding and enforceable, there must be a 'meeting of the minds' as to the terms and conditions of the compromise and settlement."   *H.W. Houston Constr. Co. v. District Court*, 632 P.2d 563, 565 (Colo. 1981).   "[T]he evidence must show that the parties agreed upon all essential terms."   *I.M.A., Inc. v. Rocky Mountain Airways, Inc.*, 713 P.2d 882, 888 (Colo. 1986).

Under Colorado law, the essential elements of a contract include "mutual assent to an exchange, between competent parties, with regard to a certain subject matter, for legal consideration."   *Indus. Prod. Int'l v. Emo Trans., Inc.*, 962 P.2d 983, 988 (Colo. Ct. App. 1997) (citation omitted).   "An offer is a manifestation by one party of a willingness to enter into a bargain [and a]n acceptance is a manifestation of assent to the terms of the offer."   *Id.* (citing Restatement (Second) of Contracts §§ 24, 32 (1979)).

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* the portion of the Recommendation to which Defendant Howard objects and I have considered carefully the Recommendation, the objection, and the applicable case law.   In the Recommendation, Magistrate Judge Wang explains that although she need not reach the issue of whether Ms. Ruttenberg had the authority from Ms. Mitchell to settle her claim against Defendant Howard, the evidence does not support that Ms. Mitchell ever agreed

-4-

that a settlement could include a non-admission of liability.   Furthermore, based on my

careful review of the record, I believe there was a breakdown in communication between

Ms. Ruttenberg and Ms. Mitchell such that I cannot conclude that Ms. Ruttenberg had

authority to bind Ms. Mitchell to a settlement that included terms that were either not

communicated to Ms. Mitchell or were different than what Ms. Mitchell believed to be to be

the case.   It is not clear whether there was a mutual assent by competent parties or that

the parties agreed upon all essential terms.   Thus, Magistrate Judge Wang did not err in

determining that the settlement agreement should be set aside as to both Plaintiff Samuel

Mitchell and Lisa Mitchell.   I conclude that the arguments asserted by Defendant Howard

in her objection are incorrect.

III.   <u>CONCLUSION</u>

Based on the foregoing, it is

ORDERED that the Recommendation of United States Magistrate Judge Wang

(ECF No. 200) is **AFFIRMED** and **ADOPTED**.   Plaintiffs' Motion to Set Aside Settlement

(ECF No. 63) is **GRANTED** and Defendant Cindy Howard's Motion to Enforce Settlement

Agreement (ECF No. 74) is **DENIED.**


Dated:   March 16, 2016

BY THE COURT:


/s/ Wiley Y. Daniel_____
WILEY Y. DANIEL,
SENIOR UNITED STATES DISTRICT JUDGE